925 F.2d 1478
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
VALMONT INDUSTRIES, INC., a Delaware Corporation,
Plaintiff/Cross-Appellant,
v.
REINKE MANUFACTURING COMPANY, INC., a Nebraska Corporation,
Defendant-Appellant.
 Nos. 90-1231, 90-1244.
 United States Court of Appeals, Federal Circuit.
 Dec. 21, 1990.
 
 ORDER
 RADER, Circuit Judge.
 
 
 1
 Reinke Manufacturing Company (Reinke) appeals from the January 24, 1990 Memorandum Opinion and Order of the United States District Court for the District of Nebraska, No. CV 85-0-848 (Cambridge, J.). See Valmont Indus. v. Reinke Mfg. Co., 14 USPQ2d 1374 (D.Neb.1990). The district court rejected Reinke's charge that U.S. Patent No. Re. 31,838 ('838 patent) is invalid under 35 U.S.C. Sec. 112. The district court adjudged Reinke liable for infringement of the '838 patent and awarded plaintiff Valmont Industries (Valmont) $375,000.00 in damages. This court finds that the appeal is premature and dismisses for lack of jurisdiction.
 
 DISCUSSION
 
 2
 On January 30, 1990, Valmont filed a motion under Rule 59(e), Fed.R.Civ.P., to amend the January 24 judgment. The motion requested, in pertinent part, that the court "award plaintiff prejudgment interest." On February 16, 1990, the district court entered an amended judgment. The judgment stated:
 
 
 3
 Upon the plaintiff's motion, the Court hereby amends the judgment entered herein on January 24, 1990 as follows:
 
 
 4
 .............................................................
 
 
 5
 ...................
 
 
 6
 * * *
 
 
 7
 2. To set a separate trial date to establish the damages accrued from the date of the first trial until the date of the said separate trial. Said separate trial shall be and is hereby set during the May, 1990 non-jury session of this court. During said proceeding the Court shall also determine the prejudgment interest to be awarded on the damages heretofore determined ... and yet to be determined
 
 
 8
 .............................................................
 
 
 9
 ...................
 
 
 10
 * * *
 
 
 11
 Reinke appealed the January 24 judgment on February 22, 1990.
 
 
 12
 In its brief, Valmont argued that Reinke's appeal of this action is untimely. At oral argument, counsel for Valmont stipulated Valmont would not press for dismissal at this juncture because the issues had been fully briefed and argument was underway. Valmont urged consideration of the appeal in the interest of efficiency and judicial economy.
 
 
 13
 However, "[t]his court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it." Woodard v. Sage Prods., Inc., 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc).
 
 
 14
 Federal Rule of Appellate Procedure 4(a)(4) provides:
 
 
 15
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iii) under Rule 59 to alter or amend the judgment; ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
 
 
 16
 (Emphasis added.)
 
 
 17
 The January 24, 1990 Memorandum Opinion and Order was not limited to a liability determination. It specifically included a damages award. Therefore, the January 24 judgment was a final judgment within the meaning of 28 U.S.C. Sec. 1295. Nothing remained to be done after that final judgment.
 
 
 18
 Valmont's motion to amend the January 24 judgment to add costs and prejudgment interest is, without question, the type of motion contemplated by Fed.R.App.P. 4. Although the district court amended the judgment to provide that it subsequently would "determine the prejudgment interest to be awarded," that action did not finally dispose of Valmont's motion, which sought an award of such interest. Valmont's motion would not be finally determined until the court actually awarded a dollar amount of prejudgment interest--an award that would require the court to determine the date from which interest ran, the percentage rate of such interest, and whether it would be simple or compound. The February 16, 1990 judgment did none of those things. It merely referred to interest "to be awarded" in the future, and did not provide the award of prejudgment interest that Valmont's motion sought.
 
 
 19
 Under the plain language of the Federal Rules of Appellate Procedure, therefore, Reinke's appeal filed February 22, 1990 "shall have no effect" because it was filed before the disposition of Valmont's Rule 59 motion. Until such time as the district court finally disposes of Valmont's Rule 59 motion, the status of this case is the same as if no notice of appeal had ever been filed. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). Without a timely notice of appeal, this court has no jurisdiction. Id. Nor does this court have discretion to waive the requirements of Fed.R.App.P. 4(a)(4). Id.
 
 
 20
 A hearing on Valmont's motion was held in May 1990. However, based on a review of the civil docket sheet in the district court, the district court has yet to enter an order disposing of Valmont's motion. Therefore, Reinke may file a timely notice of appeal at such time as the district court enters an appropriate order.
 
 Accordingly, IT IS ORDERED THAT:
 
 21
 This appeal is dismissed for lack of jurisdiction.